## Exley Estate

*Samuel D. Conver*, for accountant

HOLLAND, P. J., August 11, 1948.—The account shows a balance of principal-personalty for distribution in the sum of $1,562.15, and a balance of principal-realty in the sum of $3,303.58, or a total combined balance of $4,865.73, composed of investment securities and cash as shown on the first page of the account. The transfer inheritance tax has been paid in full.

The will being extremely obscure, it is submitted to the court to ascertain, through the interpretation of the will, the identity of the interested parties and the relative proportions of their interests. The court is relieved as to determining the destiny of one half of the entire balance for distribution, as the widow, Frances Rebecca Earley Exley, has perfected her election to take against the will, whereby she is entitled to the distribution of one half of the balance for distribution. It is the responsibility of the court to determine the distribution of the remaining half.

Item three of the will purports to dispose of certain income for the benefit of the maintenance of the real estate, but since a substantial part of the real estate has been sold and the rest being maintained from other

sources, the direction in the will becomes of no further importance. In this item, however, there is an indistinct attempt to dispose of any balance of the income therein referred to but this income only refers to that from "investments". Inasmuch as the "investments" are insignificant and the direction as to the disposition thereof extremely vague, the court can properly ignore the directions altogether. The court may well concern itself solely with the latter part of item 3 to determine the distribution of the one half of the fund. As nearly as it is humanly possible to ascertain the intention of testator in this confused language, it would appear that testator intended that his so-called niece, Ruth E. Cook, have certain privileges in his home, and also participate together with his wife, Frances Rebecca Earley Exley, and his daughter, Hannah Elizabeth Exley (now Dietterich). As to Ruth E. Cook we are no longer concerned as she predeceased testator and, therefore, the benefit to her lapsed, and we need not consider the surviving widow, as, she having taken against the will, can take no benefits under the will, so that the only person having an interest in the one half under consideration would be the daughter, Hannah Elizabeth Exley Dietterich, and her children, who are the grandchildren of testator. We may proceed from this point, therefore, to inquire into the interests of the daughter, Hannah Elizabeth Exley Dietterich, and her children.

It seems reasonably clear at this point that the intention was that the daughter should have the income for life with remainder to her children living at the time of her death, of which she has three at this time, all of age. The remainder interest of the children, however, is also obscure as it is directed to be "handed over" or "it is to be given jointly or share and share alike as they [the children] may wish". Whether he means by the language "as they may wish" that they

are to have a choice as to the amount of the fund that each is to receive or the manner in which they are to receive it is difficult to conclude but the only reasonable interpretation to adopt is that at the death of the daughter her then living children receive the principal share and share alike. I, therefore, come to the conclusion that the intention is that the property go in trust to pay the income to the daughter and at her death in equal shares to her then living children. However, as to this one half of the fund, at this point, another principle of law enters and is applicable.

It is to be noted that one half of the balance for distribution is slightly over $2,000. This, in my opinion, is too small and insignificant a sum with which to erect a trust. In Posey's Estate, 60 Montg. 142 (1944), we reviewed the authorities which hold that where a life beneficiary is given the income of a trust which is so insignificant that the income thereof would be so small as to be no real benefit to the life beneficiary, the court is justified in striking down the trust and awarding the entire corpus to the life beneficiary. The theory of this principle is that the court has the prerogative to assume from this circumstance that testator at the time of the execution of his will believed himself to be worth more than his worth turned out to be at his death and that in such cases, especially where the life beneficiary is a person close to him in relation as, for example, a daughter, he must have intended, that if the income was insufficient to afford her a reasonable maintenance, the principal should be awarded to her for the obvious purpose intended by testator. The situation in this case is the same as that in Posey's Estate, supra, and in the cases therein quoted: Auchu's Estate, 38 D. & C. 33 (1939) ; Miller's Estate, 33 Berks 89 (1940), and Act of Restatement of the Law of Trusts, 1019 §336. The court in Posey's Estate, supra, commented upon Auchu's Estate, supra, as follows:

"The court pointed out that at the time of the execution of the will the testator believed himself to be of sufficient worth that this trust would be a substantial one, the income of which would be adequate for the support of his daughter. It having become so insignificant, the court held that it would be of no benefit to the daughter whatever, who was the primary consideration of the testator, and that therefore, the intent of the testator would be frustrated and defeated, consequently, the entire corpus was awarded to the daughter outright."

We have identically the same situation in this case. The primary consideration of testator insofar as this one half of the fund is concerned is clearly his daughter, and the income on a fund of slightly over $2,000 would be so insignificant as to frustrate the real intention of testator. I am of the opinion that this principle of law should be applied, and the entire one half of the fund in question awarded to the daughter, Hannah Elizabeth Exley Dietterich, and award will be so made. . . .

The next ascertained combined balance of principal and income for distribution is awarded one half to Frances Rebecca Earley Exley and one half to Hannah Elizabeth Exley Dietterich.

All awards are subject to distribution heretofore properly made.

The account is confirmed, and it is ordered and decreed that Hannah Elizabeth Dietterich, executrix, as aforesaid, forthwith pay the distributions herein awarded.

And now, August 11, 1948, this adjudication is confirmed nisi.